In the Matter of the Application of ERNEST MURATORI et al., Petitioners. INVESTORS SYNDICATE TITLE & GUARANTY COMPANY, Respondent.

Supreme Court, Special Term, Queens County, November 13, 1944.

*S. Charles Blutstein* for petitioners.

*Edward G. Roepe* for respondent.

HOOLEY, J. Application for an order canceling and discharging a mortgage and directing the Register of the City of New York, Queens County, to mark the same upon his records as canceled and discharged, and directing that the debt or obligation secured by the mortgage be canceled upon condition that the principal of the mortgage in the sum of $5,612.31, plus accrued interest to the date of the tender, September 15, 1944, and the charge as provided under the terms of said mortgage of $46.76, plus all requisite statutory fees, be deposited in court.

The petitioners' attorney appeared at the office of the attorney for respondent for the purpose of paying off the mortgage. He had with him a sum sufficient to pay the amount due on the mortgage plus the charge of $15 for the drawing of an assignment and the sum of $2.85 for stamps on the assignment. He objected to the proffered assignment to the petitioners' nominee for the following reasons: (a) that the assignment did not contain a recital of all the intermediate assignments; (b) that the assignment did not contain a statement to the effect that there were no assignments other than those enumerated; and (c) that the intermediate assignments made reference to an

agreement between the Investors Syndicate Title & Guaranty Company and the Continental Bank & Trust Company, as Trustee, which agreement was not recorded and which agreement the respondent's attorney refused either to exhibit or record despite a request so to do.

This is an example of the difficulties which arise between attorneys when a little forebearance by each would undoubtedly resolve their differences to the satisfaction of all concerned.

The assignee in the last recorded assignment of the mortgage was the " Continental Bank & Trust Co. of New York, as Trustee, under agreement with Investors Syndicate Title & Guaranty Co., dated September 9, 1935." The respondent's attorney presented an unrecorded assignment from said record owner to Investors Syndicate Title & Guaranty Company together with an assignment from the latter to Joseph Quattrocchi, who was the nominee of the petitioners. This last mentioned assignment contained the following clause: " This assignment is made by the assignor without warranties of any kind, expressed or implied, and without recourse to the assignor in any event whatsoever."

As to objection (a), the court is of the opinion that the last assignment presented was not defective because it did not recite prior assignments. Nevertheless, among lawyers of skill, with pride in their work, the record of such prior assignments is usually set forth as in a satisfaction piece. At the slightest suggestion from the petitioners' attorney of his desire for such form of assignment, he should have been furnished therewith even if the respondent was not legally required so to do.

The objection (b) that the assignment did not contain a statement to the effect that there were no other assignments is untenable.

The objection (c) that the intermediate assignments made reference to a trust agreement which was not recorded and which respondent's attorney refused to exhibit presents a more serious question. Deeds, mortgages, assignments of mortgages and other instruments running to a grantee or assignee " as trustee " have throughout the years afforded much trouble to title companies, abstracters, and purchasers and mortgagees of land. In a great many cases these words in such instruments represent no trust in fact. Where they do represent a trust no information is usually given by the instrument running to the trustee as to the powers of the trustee, the limitations on such trustee or the purposes of the trust and the examiner of the record cannot determine whether the title through such

grantee is good or bad. No *cestui que trust* is named of whom inquiry may be made and the grantor is often dead or cannot be found. The practice of thus transferring property has been more or less common, despite the apparent danger of such procedure. As a result many States have adopted special recording statutes applying to conveyances of realty to a trustee. In some States, statutes have been enacted providing in substance that where a deed runs to a grantee whose name is followed merely by the words "trustee" or "as trustee" and the deed contains no further description of the trust, subsequent transferees may treat such words as surplusage and not indicative of a real trust, so that the grantee takes the absolute title, or that the grantee has the power to sell and convey in the manner in which conveyance was made. New York State has no such statute. Various other States, including New York, have by statute declared substantially that where an express trust is created, but is not contained or declared in the conveyance to the trustee, such conveyance shall be deemed absolute in favor of the purchasers from the trustee for value without notice of the trust (Real Property Law, § 104). This latter statute is of no great aid in the situation here presented because the assignment to the trustee does refer to a trust but does not contain its terms.

Section 105 of the Real Property Law provides: " If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee, in contravention of the trust, except as authorized in this article, shall be absolutely void." Thus, if the trust is expressed in the assignment of the mortgage to the trustee, in the proceeding before this court, the petitioners are not only charged with notice of the existence of a trust, but they are also charged with notice of the powers of the trustee and as to whether or not the assignment from the trustee was in breach of the trust.

This case is not to be confused with those afore-mentioned where the mere words "trustee" or "as trustee" follow the name of the grantee or assignee, in which cases there is often considerable doubt as to whether an actual trust exists. In this case the assignment of the mortgage to the Continental Bank & Trust Company contained not only the words "as Trustee", but also the words "under agreement with Investors Syndicate Title & Guaranty Co., dated September 9th, 1935", which words could leave no doubt in any one's mind that a trust actually did exist. While the terms of the trust were not defined in the assignment to the trustee, the assignment contained sufficient

notice of the existence of an express trust and the trust was sufficiently expressed to constitute actual knowledge that the petitioners were dealing with trust property which charged them with knowledge of the terms of the trust and a violation thereof if the assignment of the mortgage was in contravention thereof. (*Suarez* v. *de Montigny,* 1 App. Div. 494, affd. 153 N. Y. 678.)

In *Suarez* v. *de Montigny* (*supra,* p. 499) the court said: " When the plaintiff took the assignment of the mortgage from the trustee, he knew that the mortgage was part of the trust estate, the assignment being executed in the name of Weeks as substituted trustee. And, this being so, he was bound to inquire and ascertain what the terms of the trust agreement were, and what powers the trustee hàd as to the disposition of the trust estate."

And at page 500, the court said: " A party who deals with a trustee in the purchase from him of trust securities is bound to look into the trust agreement to ascertain the power of the trustee. If he finds there merely a general power to change securities or vary investments, or if such power can fairly be implied from the nature of the trust or the terms of the trust agreement, he will then be protected in taking a transfer of such securities, if he acts in good faith, whatever the result may be to the trust estate. But if the power which is found in the trust agreement is limited by a condition like the one found in this case, the party is chargeable with notice of such limitation as a part of the power itself."

Just as in the case last cited there was a provision in the trust agreement to the effect that the trustee could not transfer the mortgage without the *cestui que trust*'s written consent, there may be a similar provision in the trust agreement in the present proceeding or the agreement may contain other limitations upon the power of the trustee to assign such mortgage. If the mortgage was being assigned in violation of the provisions of such trust agreement, the assignee could not successfully maintain that he was an innocent purchaser for value without notice and without knowledge of the existence of the trust, or that he had no knowledge that he was dealing with trust property.

Neither is this case to be confused with one where successive transfers from the trustee's grantee and his successors in title have taken place and many years have elapsed, rendering it difficult or even impossible to determine whether the trustee acted in contravention of the trust, in which case a presumption may arise that the trustee acted within the trust powers. Each

case must depend upon its own facts in order to determine whether a party dealing with a trustee was put upon inquiry as to further facts about the trust which a reasonable man, in so dealing, would desire to know.

In this case, the petitioners were under an absolute duty to inquire into the terms of the trust. The attorney for petitioners had a right to insist upon an inspection of the trust agreement, particularly where, as here, there could be no hardship in such requirement, since the transfers involved were between the immediate parties.

Whatever danger there was in acquiring an assignment of the mortgage without an inspection of the trust agreement was equally applicable to acquiring a satisfaction piece from the last assignee. If there was any defect in said assignee's title, it applied to any subsequent instrument from him. The petitioners were justified in refusing to pay without the examination of the trust agreement.

The petitioners made a tender which was sufficient under the facts here appearing. The motion is granted. The moneys may be paid into court.

Submit order on notice.